Welch, J.
We think the court below did not err in sustaining the demurrers to the special pleas. Those pleas set up mere irregularities in the manner of selecting and drawing the grand jurors, and do not allege any want of competency in the jurors themselves. Whether the latter kind of objection can be taken by plea to the indictment, is a question upon which there has been much difference of opinion and contrariety of decision. Since the decision of the case of Doyle v. The State, 17 Ohio, 222, it has been settled law in Ohio that such a plea is good in all cases where the objection is to the qualification or competency of the individual jurors. This is as far as we have gone. We have never held, and such is not the practice so far as we know, that mere objections to the manner of selecting and constituting the jury can be taken by plea in abatement. On the contrary, the practice is to require the objection to be taken by challenge for cause, either to the panel or to individual jurors. In England, as well as in the United States, the decided weight of authority is in favor of that practice. In some of the states, as Massachusetts and New York, challenge seems to be the only form of making the objection, even where it goes to *the personal disqualification of the jurors. The better opinion, however, seems to be, and the current of authority is to that effect, that irregularities in selecting and empaneling grand jurors, which do not go to their incompetency, can only be objected to by way of challenge, but that their individual incompetency may be pleaded in abatement to the indictment. And this *541 distinction is founded in reason. It is important to the defendant that he should not be subjected to a trial except upon an indictment found by a jury composed of good and lawful men; but, provided, they are such good and lawful men, it is matter of no interest to-him in what manner they are selected and drawn. The manner-of selecting and drawing jurors concerns the public rather than the-parties in a cause, provided only that irregularities therein do not result in placing in the box jurors who are disqualified. It seems to us, therefore, that the provisions of law for the selection, cjistribution, and drawing of jurors, should be regarded as directory, rather than as mandatory and indispensable. They were intended for public convenience, and to equalize the burden of jury-service, as well as to insure the selection of competent jurors; and'it is only when an irregularity has occurred by which they have failed to accomplish the latter object, that the defendant will be allowed to make the objection by plea. In cases of mere irregularity, he must make it by challenge.
These special' pleas, therefore, show no sufficient ground for abating or quashing the indictment. Wether they set forth a good-cause of challenge to the jury, need not now be decided. Taken together, the three pleas merely show that the trustees were notified to select one hundred and eight jurors, when the number should; have been only sixty-eight, but that a less number than one hundred and eight, perhaps the proper number, sixty-eight, were in-fact sent up, some townships sending more than their pro rata part-of sixty-eight, and others sending loss, or sending none. But there is no averment that there was more than one hundred and eight in-the box, or that they were not all good and lawful persons. These facts constitute no ground for quashing *the indictment. Much less do the facts set forth in either of the pleas alone constitute such ground.
Did the court err in its charge to the jury?
It is said, in the first place, that it erred in charging the jury that proof of the treasurer’s custody and control of the county property, would sustain an allegation in the indictment laying the property in the treasurer. There was clearly no error in this part of the charge. No rule of law is better settled, than that proof of the rightful possession and control of the property is sufficient in such cases.
It is contended, in the second place, that the court erred in *542 charging the jury that if either of the burglars, while all were engaged in committing the burglary, purposely killed the deceased, all would be guilty of purposely killing him. That such is not' the law of the case, seems to be the main point made in argument for the plaintiff in error. But we do not understand that the court in fact charged the jury as assumed. The court did not charge the jury that, under the state of facts supposed, the killing by one would be a killing by all; much less, that the purposely killing by one would be a purposely killing by all. In the proposition charged at the request of prisoner’s counsel, the court utterly exclude any such idea. That proposition was, that the prisoner can not be convicted unless he actually did the shooting, or actually conspired with the others to commit the murder. If there is any uncertainty or ambiguity in the former part of the charge, it is certainly all removed by this proposition. The court left it as a question of fact to the jury, to say whether the prisoner actually participated in the homicide, either by doing the act himself, or by assenting to its being done by another. How far, and under what circumstances, a homicide by one of several joint burglars implicates the others ; whether, as matter of law, his ad is their act, and his purpose their purpose, so as to render all guilty of the homicide, and all guilty in the same degree; or whether, on the other hand, the court erred in favor of the prisoner, in making the guilt of the accomplices to depend upon their actual assent or dissent to the murder itself, are questions which do not arise in the present case, and which we therefore leave undecided.
*But it is argued that the same questions arise on the overruling of the motion for a new trial. We think not. The evidence not only shows a common purpose to commit the burglary, and a common participation in it, but also strongly tends to show, and we think the jury were warranted in finding, that there was a ■common purpose to commit the murder. The four burglars were all present, most probably at' the very door whence the shots were fired; and they remained there till the work was done, and then .all fled together. Their silence gave consent. The act was done for their common protection, and they all took advantage of it to make good their escape. The words “you are dead men,” must have been heard by all. Tet there was no protest against shooting, no offer to surrender, and no disavowal of the act. We think the jury were fully warranted in finding, as, under the charge of *543 the court, they must be presumed to have found that there was in fact a common purpose to commit the murder, as well as a common purpose to commit the burglary; and that their verdict was not contrary to the law or the evidence. The court did not, therefore, err in overruling the motion for a new trial.
It is also assigned for error, that neither the indictment, nor any copy of it, was before the court or jury during the trial. We have •examined the record in vain, to find any statement of such fact. It is alleged in the motion in arrest of judgment, that such was the fact, but there is no proof of it, nor is there any statement of the fact in the bill of exceptions; and the motion itself does not show that any objection was made, or any exception taken, to proceeding without the presence of the indictment. Under such circumstances, of course we can not consider the question made by counsel.
Upon the whole, we see no error in the proceedings and judgment below, and the same must be affirmed.

Judgment affirmed.

Day, C. J., and White, Brinkerhofe, and Scott, JX, concurred.